IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MORRIS ENRIQUE SALDANA CHACON,
A# 206304738,

        Petitioner,

vs.                              Case No. 3:16-cv-00236-DRH

LORETTA LYNCH, JEH JOHNSON,
RICARDO A. WONG,[1] and WARDEN OF
IMMIGRATION DETENTION FACILITY,

        Respondents,

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Morris Enrique Saldana Chacon is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, Chacon filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

Petitioner is a native and citizen of El Salvador. He has lived in the United States since 1995.

Petitioner was found in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 1 at 3.) On November 13, 2014, petitioner was taken into custody by Immigration & Customs

---

[1] The Clerk will be directed to add the Warden of Pulaski County Detention Center as a respondent. The petition refers to the Warden as a respondent and contains "Warden of Immigration Detention Facility" in its caption.

Enforcement (ICE). He has remained in custody ever since. Petitioner's custody status was reviewed for the first time on June 23, 2015, and he was ordered to remain in detention. ICE, however, has been unable to effectuate his removal.

Petitioner has cooperated with ICE's efforts to remove him. He has provided the agency with the date and location of his birth.

Petitioner asserts that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which ICE may detain an alien in order to effectuate his removal. The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371 (2005). Petitioner's presumptive six-month period has ended. Petitioner claims his removal to El Salvador or any other country is not likely to occur in the reasonably foreseeable future. Therefore, he claims, he should be entitled to release from custody. (Doc. 1 at 4-6.) He also asserts that statutory, as well as substantive and procedural due process violations have occurred. (*Id.* at 5-6.)

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the RULES GOVERNING SECTION 2254 CASES IN UNITED STATES DISTRICT COURTS, and a response shall be ordered.

However, petitioner has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" may only properly name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. Accordingly, all defendants (other than the Warden of the Pulaski County Detention Center, who the Clerk will be directed to add to this case) shall be dismissed from this case.

### Disposition

**IT IS HEREBY ORDERED** that the Clerk shall **ADD as a respondent to this action** the Warden of the Pulaski County Detention Center.

**IT IS FURTHER ORDERED** that Attorney General Loretta Lynch, Jeh Johnson (presumably Department of Homeland Security Secretary Jeff Charles Johnson), and ICE Field Office Director Ricardo A. Wong be **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered (on or before April 7, 2016).[3] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden, Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED**

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

to send a copy of the letter constituting service, petition, and this Order to the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 8th day of March, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.08 11:54:05 -06'00'

**United States District Judge**