IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MORRIS ENRIQUE SALDANA
CHACON,

        Petitioner,

                                                  Civil No. 16-cv-236-DRH-CJP

vs.

WARDEN of PULASKI COUNTY
DETENTION FACILITY,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

      Petitioner Morris Enrique Saldana Chacon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE).

      Now before the Court is respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Based on Lack of Subject Matter Jurisdiction (Doc. 23).

### Relevant Facts and Procedural History

      According to respondent, petitioner is a native and citizen of El Salvador who does not have legal status in the United States. ICE initiated removal proceedings and petitioner was ordered removed as inadmissible. The order of removal became final in April 2015. ICE was, for some period of time, unable to secure a travel document because petitioner refused to cooperate with the El Salvadorian Consulate by declining to provide the information needed to obtain a travel document. See, Doc. 11.

The §2241 petition asserts that petitioner's continued detention is unlawful because he has been detained longer than the presumptively reasonable period of six months set by *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001). The relief sought is release from custody.

ICE has now procured the necessary travel document, and, on September 30, 2016, petitioner was removed from the United States to El Salvador. See, Executed Warrant of Removal/Deportation, attached to Doc. 23 as Exhibit 1.

### Analysis

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas,* 121 S. Ct. at 2497-2498.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

"The inability to review moot cases stems from the requirement of Article III

of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the situation here. According to the executed Warrant of Removal/Deportation, petitioner has been removed to El Salvador. Petitioner has received the relief sought, i.e., release from ICE custody.

### Conclusion

Respondent's Motion to Dismiss (Doc. 23) is **GRANTED.**

This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 14th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.14 13:00:08 -05'00'

**United States District Judge**